

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,383-01

### EX PARTE JASON GENE BANKHEAD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 959000-A IN THE 174TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Bankhead v. State*, No. 01-04-00961-CR (Tex. App. — Houston [1st Dist.] March 16, 2006) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On May 14, 2020, the trial court entered an order designating issues. That order was not timely, as it was signed several months after the State received the application. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure 73.4(b)(5). However, the application was forwarded before the trial court made findings of fact and

conclusions of law.  We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

Because Applicant's conviction in this case was final in 2006, but he did not file this application until approximately fifteen years later, there is a possibility that Applicant's claims may be precluded by laches.  However, because the record is silent on the circumstances that may excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief until he is given an opportunity to explain his delayed application.  *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014).  The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches.  The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order.  The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 17, 2021
Do not publish